**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-10445**
**Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GEORGE PAUL SALEMO,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(USDC No. 3:96-CR-393-1-H)**
_____

March 6, 1998

Before WIENER, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

George Paul Salemo appeals his conviction for aiding and abetting and escape from custody. He contends that his guilty plea is invalid because the district court violated several provisions of FED. R. CRIM. P. 11 during the colloquy.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court failed to inform Salemo during the plea colloquy that his maximum sentence includes three years of supervised release. This omission, however, when added to Salemo's sentence of imprisonment of 27 months, resulted in a total sentence of only three months more than the maximum 60 months stated by the district court during the colloquy. Moreover, this period of supervised release is to run concurrently with the period of supervised release imposed on Salemo for his prior offenses. Accordingly, the error was harmless. *See **United States v. Johnson***, 1 F.3d 296, 302 (5th Cir. 1993) (en banc) (substantial rights are affected when "the district court's flawed compliance with ... Rule 11 ... may reasonably be viewed as having been a material factor affecting [defendant]'s decision to plead guilty").

Salemo contends also that his substantial rights were affected when the district court failed to address individually the rights enumerated in Rule 11(c)(3). Instead, the court asked Salemo and his counsel whether they had discussed the rights Salemo would give up in pleading guilty. Salemo fails to explain how this omission affected his substantial rights; therefore, it is unnecessary to address this contention. ***Id.*** at 298.

*AFFIRMED.*

2